(July 30, 1923.)

DR. FLOYD G. WENDLE, Claimant for Medical Services Rendered to FRED VAN STONE, Employee, Respondent, v. J. CARDIN and THE PANHANDLE LUMBER COMPANY, Appellants.

[217 Pac. 615.]

AWARD BY INDUSTRIAL ACCIDENT BOARD—JUDGMENT OF DISTRICT COURT —TIME FOR APPEAL.

In a case appealed to the district court from an award of the Industrial Accident Board, an appeal to this court must be perfected within twenty days from the date of the rendition of the judgment by the district court.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Appeal from a judgment of district court affirming award made by Industrial Accident Board. Motion to dismiss for failure to perfect appeal in required time. *Dismissed.*

Chas. L. Heitman, for Appellants.

Under C. S., sec. 6270A, as amended by Sess. Laws 1921, p. 479, the time is not fixed wherein an appeal shall be taken

from the order or judgment of the district court to the supreme court. Therefore we have the right to conclude that C. S., sec. 7152 (1), applies, allowing the appeal to be taken within 90 days.

This time limit was not an issue in the McNeil case; there was no necessity to consider or pass upon the question of time, and the statement in the opinion that such appeals should be taken within twenty days was *obiter dictum*.

Workmen's compensation laws are liberally construed, and the principle that remedial statutes are construed liberally applies to statutes granting a right of appeal. (2 Ency. of Pleading and Practice, 20.)

G. H. Martin, for Respondent.

The judgment was filed February 12, 1923. The notice of appeal was not served until March 24, 1923.

"The record in any case shall be transmitted to the board within 20 days after the order or judgment of the court, unless appeal shall be taken from such order or judgment." (Sec. 6270A, 1921 Sess. Laws, p. 479.)

This language admits of no construction other than that the appeal must be taken within the 20 days after judgment, or such appeal is barred. (*McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, at p. 778, 203 Pac. 1068.)

DUNN, J.—Respondent has moved to dismiss the appeal in this case on the ground that it was not perfected within the time limited by the statute. The case involves an award made to respondent by the Industrial Accident Board for medical service rendered to Fred Van Stone, an employee of appellants. The case was taken to the district court of Kootenai county on appeal by the employers from the award made by the Industrial Accident Board, and judgment in that court was rendered on February 12, 1923. From this judgment an appeal was taken, notice of which was served upon respondent March 24, 1923, and filed in the office of the clerk of the district court on March 26, 1923. An

undertaking on appeal was filed with said clerk on March 27, 1923.

Respondent relies upon section 6270A of the workmen's compensation law, Sess. Laws 1921, p. 479, which provides, with reference to the procedure in the district court, that

"Upon the trial of such action the court shall disregard any irregularity or error of the board, unless it be made to affirmatively appear that the party was damaged thereby.

"The record in any case shall be transmitted to the board within twenty days after the order or judgment of the court, unless appeal shall be taken from such order or judgment."

With regard to this provision, this court in the case of *McNeil v. Panhandle Lumb. Co.*, 34 Ida. 773, 778, 203 Pac. 1068, at p. 1070, said:

"While the law does not expressly limit the time within which such an appeal shall be taken, we think a fair and reasonable construction of the language of section 6270A, *supra,* justifies the conclusion that it was the intention of the legislature that such appeals should be taken within twenty days after the order or judgment appealed from, and before the return of the record to the Industrial Accident Board."

Counsel for appellant takes the position that the question of the time within which an appeal should be taken was not involved in that case, but only the question whether or not the judgment of the district court was appealable, and that therefore the expression quoted was *obiter dictum.*

Strictly speaking, possibly the precise question involved here was not necessarily involved there, though it was so closely related to the question decided that we doubt the correctness of the position of counsel for appellant with regard to the expression of the court on that point. In this case, however, we have the question of the time allowed for appeal in this class of cases squarely presented. No other point is raised. We are of the opinion that the rule stated in the McNeil case is correct.

The appeal in this case, not having been taken within twenty days from the rendition of the judgment in the district court, was not taken in time and the cause should therefore be dismissed. It is so ordered. Costs to respondent.

McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.